IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA, :
    Plaintiff,
v. : Case No. 3:17-CR-130
KENNETH JOHNSON, JUDGE WALTER H. RICE
    Defendant. :

---

DECISION AND ENTRY OVERRULING DEFENDANT'S
AMENDED MOTION TO SUPPRESS (DOC. #19)

---

On August 24, 2017, Defendant Kenneth Johnson was indicted on five counts: (1) conspiracy to possess with intent to distribute and distribute acrylfentanyl; (2) distribution of acrylfentanyl; (3) possession of a firearm in furtherance of a drug trafficking crime; (4) possession of a firearm by a convicted felon; and (5) possession with intent to distribute acrylfentanyl.

This matter is currently before the Court on Defendant's Amended Motion to Suppress, Doc. #19. The Court held an evidentiary hearing on January 26, 2018. Although the Court gave counsel the opportunity to file simultaneous post-hearing briefs, none was filed.

Defendant asks the Court to suppress all evidence obtained from 49 North Smithville Road in Dayton, Ohio, arguing that it is the product of a defective search warrant issued on March 6, 2017. According to Defendant, the affidavit

submitted by Dayton Police Department Detective Jason Rhodes in support of the search warrant, Govt. Ex. 4, failed to establish probable cause. He therefore argues that the resulting search warrant violated his rights under the Fourth Amendment to the United States Constitution. Defendant also asks the Court to suppress, as "fruit of the poisonous tree," all statements that were made and any consent that was given during the execution of the search warrant. *See Wong Sun v. United States*, 371 U.S. 471 (1963).

I.

Rhodes' affidavit, Govt. Ex. 4, states that, on February 1, 2017, he and Dustin Phillips, another undercover detective, arranged to purchase drugs through phone number 513-309-2031. They were directed to Cherry Drive off Catalpa Drive, where a black Chrysler 300, with an Ohio temporary tag number D981948, registered to Coco Cochran of 49 North Smithville Road in Dayton, pulled up next to them and sold them 30 gel caps of fentanyl for $100. Isaiah Thomas was driving the car; an unknown black male was in the front passenger seat.

On February 7, 2017, Rhodes and Phillips arranged, through the same phone number, to arrange to purchase additional drugs. They were directed to Benson Drive off of Cornell Drive. The same black Chrysler 300 approached and sold them 30 gel caps, again for $100. Although the lab results had not yet come back when Rhodes executed the affidavit, these gel caps were of the same appearance and consistency as those purchased the week before. Video and still photographs of the transaction were taken, and a confidential informant identified the driver as

Kenneth Johnson. The passenger who gave the detectives the drugs in exchange for money was identified as Delamar Thomas.

On February 8, 2017, at 8:45 a.m., Rhodes observed Kenneth Johnson walk out of the front door of 49 North Smithville Road, get into the black Chrysler 300, and leave. The following morning, at 7:30 a.m., Rhodes again observed the Chrysler parked in the driveway at the same address.

On February 14, 2017, Rhodes and Phillips observed Kenneth Johnson driving a gray Nissan Juke with an unidentified black male in the front passenger seat. This car was also registered to Coco Cochran at 49 North Smithville Road The detectives "observed the Nissan make several car to car drug sales in the area of Sylvan Drive and Circle Road."

On February 16, 2017, Kenneth Johnson was arrested after he wrecked the Chrysler 300 in the process of fleeing Ohio State Highway Patrol officers.

On March 2, 2017, Rhodes and Phillips pulled a bag of trash from a trash receptacle located at 49 North Smithville Road, where it was set out for trash pickup that day. The trash bag contained mail addressed to Coco Cochran at 49 North Smithville Road and two clear plastic bags with residue of fentanyl, acrylfentanyl, furanyl fentanyl, and cocaine.

The search warrant, authorizing the search of 49 North Smithville Road, was issued by Judge Christopher Roberts of the Dayton Municipal Court. He found that, based on Rhodes' affidavit, there was probable cause to believe that the

crimes of trafficking in drugs and possession of drugs had been committed, and that the following property was connected with the commission of those offenses:

> Fentanyl along with any other illegal drugs, controlled substance or drug related paraphernalia, U.S. currency, proceeds and records of financial holdings evidencing the obtaining, expenditure or concealment of assets connected with the sale of illegal drugs, along with ledgers and other documents. Cellular telephones, computers, computer files, photographs and audio/video recordings showing records of illegal drug sales. Barricades and surveillance devices used for fortification and/or protection. Documents showing possessory interest in 49 North Smithville Road, Dayton, Ohio 45403. All weapons or any other property associated with the sale of drugs.

Govt. Ex. 4. He also found probable cause to believe that this property was concealed at 49 North Smithville Road, in Dayton. *Id.*

II.

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The question for the magistrate issuing the warrant is "whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

In his Motion to Suppress, and at the evidentiary hearing, Defendant made several arguments to support the claimed Fourth Amendment violation. None has merit.

A.

First, Defendant argues that there is insufficient evidence of a "nexus between the place to be searched and the evidence sought." *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004) (quoting *United States v. Van Shutters*, 163 F.3d 331, 336-37 (6th Cir. 1998)). Defendant acknowledges that it is reasonable to infer that drug dealers store evidence of their crimes at their residences. *United States v. Burton*, 288 F.3d 91, 103-104 (3d Cir. 2002). Nevertheless,

> application of this inference is based on evidence supporting three preliminary premises: (1) that the person suspected of drug dealing is actually a drug dealer; (2) that the place to be searched is possessed by, or the domicile of, the dealer; and (3) that the home contains contraband linking it to the dealer's drug activities.

*Id.* at 104.

Defendant argues that there is no evidence here to support a finding that he is actually a drug dealer. Although he was present when officers purchased drugs from other individuals in the cars that Johnson was driving, there is no evidence that he personally participated in any hand-to-hand drug transactions. At oral argument, counsel noted that Govt. Ex. 1-A shows Johnson on the phone, "not seemingly engaged in the doings of the passenger at the time."

Government's counsel pointed out, however, that, in the photograph in question, Johnson is facing the passenger side of the vehicle, watching the drug transaction take place. Moreover, Johnson, as the driver of the vehicle, was in control. He pulled up alongside the undercover officers and stopped his car in

5

order to facilitate the drug transaction. This is sufficient to support an inference that he was involved in the sale of the illegal drugs.

On a related note, Defendant argues that Rhodes overstated the evidence in his affidavit. According to the affidavit, on February 14, 2017, Rhodes "observed the Nissan make several car to car drug sales." Govt. Ex. 4. In contrast, at the evidentiary hearing, Rhodes testified that he observed the Nissan "driving around in the neighborhood making *what appeared to be* several car-to-car drug transactions . . . a quick exchange of objects, usually a clear plastic bag in exchange for money." (emphasis added). Defendant argues that, had the words "what appeared to be" been included in the affidavit, it would have created a different impression.

The Court disagrees that this would have made any difference to the finding of probable cause. Based on Rhodes' experience as a narcotics detective, and his prior experience purchasing fentanyl in earlier car-to-car transactions involving Johnson and his cohorts, it can be inferred that Rhodes is familiar with what a car-to-car drug sale looks like. Accordingly, it matters very little whether the affidavit stated that he actually "observed car-to-car drug sales," or "observed what appeared to be car-to-car drug sales." This is a distinction without a difference.

Rhodes' affidavit is therefore sufficient to support an inference that Kenneth Johnson was actually a drug dealer. Rhodes' observation of Johnson leaving the house located at 49 North Smithville Road early in the morning in the black Chrysler 300 that was registered to another individual at that same address is

sufficient to support an inference that Johnson resided at that address. Finally, the trash pull, which uncovered plastic bags containing drug residue, is sufficient to support an inference that the home contained contraband linking it to Johnson's drug activities. For these reasons, the Court rejects Defendant's claim that there is insufficient evidence of a nexus between the place to be searched and the evidence sought.

B.

Defendant next challenges the legality of the trash pull. At the evidentiary hearing, Detective Rhodes testified that, on March 2, 2017, which was a scheduled trash pick-up day in Johnson's neighborhood, he and Phillips pulled a bag of trash from a trash receptacle located in front of 49 North Smithville Road, in a grassy area "just to the right of the very end of the driveway by the street." Defendant argues that this was part of the curtilage of the house and that a warrant was therefore required for the seizure. Not so.

The "curtilage" is the area "immediately surrounding and associated with the home," an area "to which the activity of home life extends." For Fourth Amendment purposes, the curtilage is considered part of the home itself. *Florida v. Jardines*, 569 U.S. 1, 6 (2013) (quotations omitted). The area at "the very end of the driveway by the street" cannot be considered part of the curtilage.

Moreover, the Supreme Court has specifically held that there is no legitimate expectation of privacy "in trash left for collection in an area accessible to the public." *California v. Greenwood*, 486 U.S. 35, 40 (1988). *See also United*

7

States v. Warner, No. 1:13-cr-436, 2014 WL 12659416, at *3 (N.D. Ohio Jan. 31, 2014) (holding that trash left on tree lawn for collection on trash day was not protected by Fourth Amendment). Accordingly, no search warrant was needed.

C.

Finally, Defendant argues that the scope of the search warrant was too broad given the limited information included in the affidavit. He contends that this case is akin to *State v. Dalpiaz*, 151 Ohio App. 3d 257, 266, 783 N.E.2d 976 (11th Dist. 2002). There, the affidavit indicated that the officers had reason to believe that the suspect was cultivating marijuana; however, the warrant broadly authorized the seizure of evidence relating to any violation of Ohio's drug laws.

In Johnson's case, the warrant authorized the seizure of "[f]entanyl along with any other illegal drugs, controlled substance or drug related paraphernalia." Govt. Ex. 4. Rhodes' affidavit, however, is broad enough to support such a seizure. It indicates that, in his experience, drug dealers "continue to diversify, and it is not uncommon to recover different types of illegal drugs from inside the residence." Rhodes' affidavit contains many statements concerning Kenneth Johnson's involvement in the sale of fentanyl. In addition, however, it states that the plastic bags obtained from the trash pull contained residue from several different drugs, including "fentanyl, acrylfentanyl, furanyl fentanyl, and cocaine." These statements are sufficient to support a finding of probable cause to believe that drugs other than fentanyl would be found inside 49 N. Smithville Road.

8

D.

For the reasons set forth above, the Court OVERRULES Defendant's Amended Motion to Suppress. Doc. #19.

Date: March 8, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE